**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION**

DEBRA JACKSON, *et al.*,         )
     Plaintiffs,              )
                     )
v.                               )         CIVIL ACTION NO. 14-00023-KD-N
                     )
CITY OF SELMA, ALABAMA, *et al.*, )
     Defendants.              )

**ORDER**

This action is before the Court on the Plaintiffs' "Motion to Substitute and Supplemental Response to Motion to Dismiss" (Doc. 33).     The Plaintiffs represent that, pursuant to Ala. Code § 43-2-172,[1] Harris Huffman, Jr., Sheriff of Dallas County, Alabama, has been appointed as administrator of the Estate of Dwight Moorer.   The Plaintiffs have attached an order (Doc. 33-1) and letters of administration (Doc. 33-2) issued by the Probate Court of Dallas County, Alabama, indicating such an appointment has been made.   The Plaintiffs now move the Court "to substitute Dallas County Sheriff Harris Huffman, Jr. as the administrator and personal representative of the Estate of Dwight Moorer" in place of Catherine Moorer and Denise Grayson.   (Doc. 33 at 2).

Federal Rule of Civil Procedure 25 allows for substitution of parties in the event 1) "a party dies and the claim is not extinguished," Rule 25(a)(1); 2) "a party becomes incompetent," Rule 25(b); 3) "an interest is transferred," Rule 25(c); or 4) "a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending[,]" Rule 25(d).   The Plaintiffs' motion implicates none of these situations.   Accordingly, the Plaintiffs' motion to substitute (Doc. 33) is **DENIED**.

However, pursuant to Federal Rule of Civil Procedure 15(a)(2) (except as provided in

---

[1] "In case there is no general administrator and no other fit person will administer, the court may commit administration to the sheriff of the county; when so committed, the administration attaches to the office, and the official oath and bond of such office are the security for his faithful administration."   § 43-2-172.

Rule 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or the court's leave…"), the Plaintiffs are hereby granted leave to file an amended complaint <u>only</u> for the purpose of naming Sheriff Huffman as the estate's representative in place of Catherine Moorer and Denise Grayson.   Any further amendment must be sought in accordance with Rule 15(a)(2).[2]

      **DONE** and **ORDERED** this the **19**[th] day of **June 2014**.

                  <u>/s/ Kristi K. DuBose</u>
                  **KRISTI K. DuBOSE**
                  **UNITED STATES DISTRICT JUDGE**

---

[2]  As more than 21 days have elapsed since each defendant served either an answer (Doc. 5) or a motion to dismiss under Federal Rule of Civil Procedure 12(b) (Doc. 13), the time for the Plaintiffs to amend their complaint once as a matter of course has expired.   <u>See</u> Fed. R. Civ. P. 15(a)(1)(B).